**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| Nola Huffman, Marilyn Bradshaw, Charles Bradshaw, Uma, LLC, Thakker, LLC, Paul Webb, Sandra Webb, James Reid, Herbert Stokes, Pizza Cake, L.L.C., Gloria Wilson, Inez Fowler and Louis Fowler, | ) ) ) ) ) ) | Civil Action No. 3:16-cv-03071-JMC |
| Plaintiffs, | ) ) | **ORDER** |
| v. | ) ) | |
| United States of America, | ) ) | |
| Defendant. | ) ) ) | |

Plaintiffs[1] above-named collectively filed this action alleging claims for negligence, trespass, and nuisance against Defendant United States of America (the "Government") for the destruction caused to Plaintiffs' homes by flood water released when the Semmes Lake Dam at Fort Jackson was breached in October 2015. (ECF No. 15.)

This matter is before the court on the Government's unopposed Motion for Summary Judgment against All Pro Se Plaintiffs pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 54.) In support of its Motion, the Government asserts that "[b]ecause the pro se Plaintiffs require expert testimony in order to prove that any negligence related to the maintenance of the Fort Jackson dams caused their damages, and no expert testimony supports that conclusion, those Plaintiffs cannot establish negligence as a matter of law, and summary judgment must be entered in favor of Defendant." (ECF No. 54-1 at 3.) The Government further asserts that in contrast to its expert, Mark Woodbury, who is able to show "water levels at

---

[1] After the filing of a Stipulation of Dismissal with Prejudice (ECF No. 34), the remaining Plaintiffs in this action are Inez Fowler and Louis Fowler. The Fowlers are pro se.

individual properties and the amount of water each property would have received if the spillway capacity of the Semmes Lake dam had been increased" (*id.* at 7), "[n]o pro se Plaintiff has provided an expert report or expert disclosure to Defendant's counsel and . . . have all failed to timely identify expert testimony supporting causation." (*Id.*) Plaintiffs did not file a response to the Government's Motion for Summary Judgment.

Upon review, the court observes that, to survive summary judgment, Plaintiffs' claims for negligence, trespass, and nuisance require evidence demonstrating that the Government's actions proximately caused their injuries. *E.g.*, *Bishop v. S.C. Dep't of Mental Health*, 502 S.E.2d 78, 82 (S.C. 1998) ("To establish a cause of action in negligence, three essential elements must be proven: (1) duty of care owed by defendant to plaintiff; (2) breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach of duty.") (citing *Rickborn v. Liberty Life Ins. Co.*, 468 S.E.2d 292 (S.C. 1996)); *Snow v. City of Columbia*, 409 S.E.2d 797, 802 (S.C. Ct. App. 1991) ("To constitute an actionable trespass, however, there must be an affirmative act, the invasion of the land must be intentional, and the harm caused must be the direct result of that invasion.") (citation omitted); *Home Sales, Inc. v. City of N. Myrtle Beach*, 382 S.E.2d 463, 469 (S.C. Ct. App. 1989) ("In order to constitute an actionable nuisance, a wrongful act of the defendant must be shown and the maintenance of the nuisance must be the natural and proximate cause of the injury suffered by the plaintiff."). The court further observes that the record does not contain any admissible evidence that the Government proximately caused the flooding which damaged Plaintiffs' property in October 2015. In this regard, the court agrees with the Government that Plaintiffs' failure to submit their own expert testimony is catastrophic to their ability to prove causation as to their pending claims. Therefore, upon consideration of the entire record and the unopposed arguments of the Government, the court

hereby **GRANTS** the United States of America's Motion for Summary Judgment.  (ECF No.

54.)

       **IT IS SO ORDERED.**

_J. Michelle Childs_
United States District Judge

September 5, 2018
Columbia, South Carolina